U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>    S<small>OUTHERN</small> D<small>ISTRICT OF</small> T<small>EXAS</small>

| | | |
|---|---|---|
| Pillar Panama, S.A., | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-07-1922 |
| Francis DeLape, *et al.*, | § § § | |
| Defendants. | § | |

## Opinion on Safe-Harbor Notice

Pillar Panama, S.A., has objected that its notice of potential sanctions was defective. Pillar says that the defendants did not afford it an opportunity to dismiss its claims under the rules. *See* Fed. R. Civ. P. § 11(c)(2).

At the initial hearing on September 4, 2007, this court expressed that the thirty-page complaint of Pillar was a trespass action and that it belonged in the Panamanian courts. Instead of appreciating that analysis, Pillar chose twice to amend its complaint without adding substantiating facts.

At another hearing on December 13, 2007, the court allowed Pillar to defend the basis of its suit. It still could not. After finding that Pillar had a facially defective complaint, this court advised the parties that it might make "an equitable cost adjustment under the malicious pleading rule." Mot. Hrg. 100:13-17, December 13, 2007. When he was asked if plaintiff's counsel had questions about that proposal, Mr. Lawrence Shapiro responded with "I understand what the court has said." *Id.* at 100:16-17.

In total, this court has supplied four opportunities for Pillar to respond to the defendants' motions to dismiss – twice orally and twice in writing. In turn, the defendants invested significant money and time to dissect Pillar's vague allegations and refute them with facts – an investigative task Pillar was obliged to have done before filing suit.

Pillar's conduct had an aura of sanctions even before this court first mentioned the meretriciousness of this suit. *Id.* at 90:23-24. Pillar has, therefore, had more than sufficient notice of impending sanctions from the court, obviating redundant warnings from the

defendants. This procedural defense is just another example of Pillar's intransigence. *See generally Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)(inherent power of court to sanction a party's intransigence).

Pillar's objection that it had no notice of the sanctions is overruled. The award of sanctions measured by costs in the form of attorney's fees for the defendants will be confirmed.

Signed on August 18, 2008, at Houston, Texas.

*signature*
Lynn N. Hughes    USDJ
United States District Judge